IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COMMONWEATH CONSTRUCTION CO., INC., | * |
| | * |
| Plaintiff, | * |
| | *  Civil No.: 1:14-CV-3568-GLR |
| v. | * |
| JAMES T. REDDING, | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

On December 4, 2014, pursuant to 28 U.S.C. 636 and Local Rule 301, Judge Russell, referred this case to me in order to rule upon Plaintiff Commonwealth Construction Co., Inc.'s Motion for Civil Contempt ("Plaintiff's Motion"). (ECF Nos. 8 & 9). The Court has reviewed Plaintiff's Motion, related memoranda, and applicable law. No opposition has been filed and an evidentiary hearing was held on February 25, 2015. For the reasons presented below, the Court GRANTS Plaintiff's Motion.

I.   **BACKGROUND**

On August 30, 2013 the United States District Court for the District of Delaware entered a Judgment Order in favor of Plaintiff and against Defendant. (ECF No. 8-2). Subsequently, A Clerk's Certification of Judgment to be Registered in Another District was filed on October 2, 2013 in this Court. (ECF Nos. 1 & 8-3).

In order to aid in the collection of its judgment, Plaintiff served Defendant with a Subpoena to Testify at a Deposition in a Civil Action and Notice of Deposition Duces Tecum

("Subpoena"); the Subpoena also requested that Defendant produce certain documents.[1] (ECF No. 8-4). Defendant appeared for his deposition but failed to produce any documents claiming that the government had possession of the documents at that time but that he would produce them after they were returned to him. (ECF No. 8-1 at 3). Since his deposition Defendant has produced only incomplete tax returns for the years 2011 and 2012. (ECF No. 8-1 at 4). Defendant has not served written objections to the Subpoena nor has he moved to quash or modify the Subpoena. (ECF No. 8-1 at 4).

Plaintiff filed its Motion for Civil Contempt on November 11, 2014 arguing that Defendant's failure to produce the requested documents without an adequate excuse was grounds for finding him in civil contempt. (ECF No. 8). In light of the significant effect in granting Plaintiff's Motion and Defendant's lack of representation by counsel, this Court temporarily reserved ruling on Plaintiff's Motion and first directed Defendant to either produce the requested documents or provide a written response articulating an adequate reason for not producing the documents within 15 days of entry of that Order at which time Plaintiff's Motion would be revisited. (ECF No. 10).[2] Defendant failed to respond in any way. It is final effort to provide Defendant with an opportunity to avoid civil contempt the Court has set an evidentiary hearing for February 25, 2015 (ECF No. 11). Defendant failed to appear for that hearing.

II.     ANALYSIS

Rule 45(g) of the Federal Rules of Civil Procedure provides that a court may "hold in contempt a person who, having been served [a subpoena], fails without adequate excuse to obey the subpoena or an order related to it." In order for this Court to hold Defendant in civil

---

[1] It appears that Defendant was served with two subpoenas as a result of his deposition being rescheduled, however, the documents requested in both subpoenas are exactly the same. (ECF Nos. 8-4 & 8-5).

[2] *See e.g. Anderson v. Prince George's Cnty., MD*, No. CIV.A. TDC-13-1509, 2014 WL 2926537, at *1 (D. Md. June 26, 2014).

contempt, Plaintiff must show each of the following elements by clear and convincing evidence: "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's 'favor'; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) ... that [the] movant suffered harm as a result." *Superior Performers, Inc. v. Meaike*, No. 1:13CV1149, 2014 WL 3734758, at *3 (M.D.N.C. July 29, 2014) (*quoting Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 301 (4th Cir.2000) (quoting *Colonial Williamsburg Found. v. The Kittinger Co.,* 792 F.Supp. 1397, 1405–06 (E.D.Va.1992), *aff'd,* 38 F.3d 133, 136 (4th Cir.1994))).

Here, the Subpoena, this Court's December 9, 2014 Letter Order (ECF No. 10), and this Court's Order Setting Evidentiary Hearing (ECF No. 11) are valid decrees which the Defendant had actual or constructive knowledge of. Plaintiff filed an Affidavit of Service of the Subpoena on Defendant. (ECF No. 7). The Clerk's Office also sent the December 9, 2014 Letter Order and the Order Setting Evidentiary Hearing to the Defendant's address as identified in the pleadings. (*See* Docket Entries dated December 9, 2014 & February 5, 2015). This evidence establishes that Defendant had constructive, if not actual knowledge of all filings. The Subpoena and Court Orders were in Plaintiff's favor as they sought to compel from Defendant the documents Plaintiff requested. The December 9, 2014 Letter Order advised Defendant that "[d]isobedience of such an order may be treated as contempt" (ECF No. 10) and that Plaintiff's Motion for Contempt would be revisited should he fail to either produce the requested documents or provide a written response articulating an adequate reason for not producing the documents. (*Id.*). Similarly, the Order Setting Evidentiary Hearing also emphasizes that whether Defendant is found to be in contempt would be determined at this hearing. (ECF No. 11). This

evidence establishes that Defendant at least had constructive knowledge that he was in violation of the Subpoena and Orders.  Finally, Defendant's failure to produce the requested documents makes it impossible for Plaintiff to effectively evaluate Defendant's finances and assets and thereby collect its judgment against Defendant.  (*See* ECF No. 8 at 2).  Plaintiffs also have incurred attorney's fees and related costs arising from its attempts to obtain the requested documents and in seeking relief from this Court.  (ECF No. 8-1 at 6). Accordingly, this Court finds that Defendant is in civil contempt.

After finding that a party is in civil contempt, the Court has broad discretion is fashioning an appropriate remedy, which can include ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees. *See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, No. CIV. AW 12-954, 2013 WL 6844272, at *5 (D. Md. Dec. 20, 2013).  The Court finds that an award of attorney's fees is an appropriate remedy in this case and will provide Plaintiffs an opportunity to submit documentation and explanation of the reasonableness of those fees to be sought against Defendant.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion and makes the following findings:

Defendant is found to be in civil contempt for failing to comply with this Court's Letter Order Dated December 9, 2014 (ECF No. 10), the Court's Order Setting Evidentiary Hearing (ECF No. 11), and the Subpoena served on him by Plaintiffs.

Defendant is directed to purge himself of the contempt by providing the following to Plaintiff within 15 days of this Order:

   a. Any and all documents in his possession relating to the subject matter set forth in Exhibit A of the Subpoenas to Testify at a Deposition in a Civil Action currently in his possession; and

   b. Any and all documentation which reflects the alleged confiscation of Defendant's computers and paperwork which relate to the subject matters set forth in Exhibit A of the Subpoenas to Testify at a Deposition in a Civil Action.

Defendant is further ordered to pay the reasonable litigation costs and fees which the Plaintiff has expended in its repeated attempts to obtain the documents from Defendant and in seeking relief from this Court.

Plaintiff is directed to submit evidence supporting the amount of reasonable litigation costs sought within 15 days of this Order.

/s/
J. Mark Coulson
United States Magistrate Judge