IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COMMONWEALTH CONSTRUCTION CO., INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No. 14-cv-3568-GLR |
| JAMES T. REDDING, | * | |
| Defendant. | * | |
| | ****** | |

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Civil Contempt filed by Plaintiff, Commonwealth Construction Co., Inc., against Defendant, James T. Redding. (ECF No. 19.) Defendant has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a) (D. Md. 2014). On April 14, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Russell referred this case to me to rule on Plaintiff's motion. (ECF No. 20.)

**I.     FACTUAL AND PROCEDURAL HISTORY**

On October 2, 2013, Plaintiff registered in this Court a foreign judgment, which was entered in the United States District Court for the District of Delaware in its favor and against Defendant. To aid in the collection of its judgment, Plaintiff served Defendant with a Subpoena to Testify at a Deposition in a Civil Action and Notice of Subpoena *Duces Tecum* ("Plaintiff's subpoena"), which requested that Defendant produce certain documents. Defendant failed to produce the requested documents at the deposition and thereafter. Plaintiff thus filed its first Motion for Civil Contempt on November 11, 2014. (ECF No. 8.) I initially reserved ruling on Plaintiff's motion, and by way of a Letter Order dated December 9, 2014, I instead directed Defendant either to produce the documents or to submit a written response setting forth the

reasons why he had not done so.  (ECF No. 10.)  Defendant failed to respond in any way, so I set an evidentiary hearing for February 25, 2015 to determine: (1) whether Defendant was in civil contempt for failing to comply with my December 9, 2015 Letter Order, and, if so, (2) how he could purge that contempt and (3) whether he would be liable for Plaintiff's attorney's fees for the efforts it had expended in attempting to obtain the documents from him.  (ECF No. 11.)  Defendant did not appear at the hearing.  Accordingly, on February 27, 2015, I issued an opinion and order finding Defendant in civil contempt under Federal Rule of Civil Procedure 45(g) for his failure to adequately obey Plaintiff's subpoena and my December 9, 2014 Letter Order related to it.  (ECF No. 13.)  To purge himself of the contempt, I ordered Defendant to produce the requested documents and to pay the reasonable litigation costs and fees that Plaintiff expended in its attempts to obtain the documents at issue.  (ECF No. 14.)  Plaintiff thereafter filed a motion for $3,813.50 in attorney's fees (ECF No. 15, 17), which I granted on May 15, 2015 (ECF No. 18).

On January 7, 2016, Plaintiff filed its second contempt motion, citing Defendant's continued failure to produce the documents or provide any rationale for not producing them.  Plaintiff now asks the Court again find Defendant in civil contempt and to order him imprisoned until such time as he purges himself of the contempt.

## II.    AUTHORITY

Before ruling on Plaintiff's motion, I must first assess my authority to issue such a ruling.  The scope of my authority is governed by 28 U.S.C. § 636.  Notably, section 636 "does not expressly authorize a district court to designate a magistrate to handle post-judgment matters."  *Colorado Bldg. and Const. Trades Council v. B.B. Andersen Const. Co.*, 879 F.2d 809 (10th Cir. 1989).  Additionally, the contempt authority of federal magistrate judges is limited in

comparison with that of district judges. *Stotts v. Quinlan*, 139 F.R.D. 321, 323 (E.D.N.C. 1991) ("The power to punish for contempt is inherent in Article III Judges. However, magistrate judgeships are established pursuant to Article I, Section 8, clause 9. Article I conveys no inherent contempt power. Therefore, if such power exists, it must be statutorily based.") (internal citations omitted). Accordingly, I will evaluate both my authority to determine this post-judgment matter and my contempt authority with respect to the relief requested in Plaintiff's motion.

The only potential source for my authority to determine the post-judgment matter at issue is 28 U.S.C. § 636 (b), which states that magistrate judges "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." Local Rule 301.6 likewise authorizes magistrate judges to "perform such additional duties as are not inconsistent with the Constitution and laws of the United States," and goes on to list among those permissible duties: "[o]rdering and conducting supplementary proceedings in accordance with Md. R. Proc. 2-633, upon the filing of an appropriate affidavit." Loc. R. 301.6(aj) (D. Md. 2014). Maryland Rule 2-633 provides that a judgment creditor may obtain discovery to aid in the enforcement of a money judgment, including depositions and requests for documents. Accordingly, under 28 U.S.C. § 636 (b)(3) and Local Rule 301.6(aj), it is within my authority to conduct supplementary proceedings and issue orders concerning Plaintiff's efforts to obtain discovery to aid in the enforcement of its judgment against Defendant.[1] *See Fed. Deposit Ins. Co. v. LeGrand*, 43 F.3d 163, 167 (5th Cir. 1995) (finding that 28 U.S.C. § 636(b) and the

---

[1] I note that on both of the form orders by which Judge Russell referred Plaintiff's motions to me, he selected the "other" option and then noted the particular motion, as opposed to selecting the option that explicitly directs me to conduct proceedings in accordance with Maryland Rule 2-633. However, both of Plaintiff's motions concern its efforts to obtain discovery to aid in the enforcement of its judgment against Defendant, such that, as a practical matter, any action taken with respect to those motions falls within the ambit of Maryland Rule 2-633.

comparable local rule for the Northern District of Texas "provide[d] a jurisdictional basis for the magistrate's entry of a postjudgment discovery order").

With respect to my contempt authority, Local Rule 301.6 lists among the additional permissible duties I may perform "[issuing] orders for contempt of court as authorized by the Federal Courts improvement Act of 2000, 28 U.S.C. § 636(e)." Because my authority to determine this post-judgment matter stems from section 636(b) and the parties have not consented to my jurisdiction, section 636(e)(6)(B) provides that upon the commission of an act that constitutes a civil contempt, I "shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B)(iii). This certification of facts commonly takes the form of a Report and Recommendation. *See, e.g., Axiom Resource Mgmt. v. Alfotech Solutions, LLC*, No. 1:10-cv-1011, 2011 WL 2559806, at *1 (E.D. Va. June 27, 2011); *see also Fed. Deposit Ins. Co. v. LeGrand*, 43 F.3d 163, 165 n.3 (5th Cir. 1995) (finding that a magistrate judge properly issued a report and recommendation on a contempt motion where he determined that he lacked the contempt authority to issue a final ruling on the motion).

### III.   ANALYSIS

Plaintiff's motion asks the Court to again find Defendant in civil contempt and to order Defendant incarcerated until such time as he purges himself of the contempt. To establish civil contempt, Plaintiff must show the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had

>knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (citation and internal punctuation omitted). "Courts have broad discretion in fashioning remedies for civil contempt" but they must have a compensatory or remedial purpose and may not be punitive in nature. *Buffalo Wings Factory, Inc. v. Mohd*, 574 F. Supp. 2d 574, 577 (E.D. Va. 2008); *In re General Motors Corop*, 61 F.3d 256, 259 (4th Cir. 1995). Remedies may include fines or imprisonment. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 537 (D. Md. 2010). With respect to imprisonment, the remedy "is remedial if the defendant stands committed unless and until he performs the affirmative act required by the Court's order, and is punitive if the sentence is limited to imprisonment for a definite period." *Buffington v. Baltimore County, Md.*, 913 F.2d 113, 133-34 (4th Cir. 1990) (quoting *Hicks v. Feiock*, 485 U.S. 624, 631 (1988)).

Here, Defendant remains in contempt of Plaintiff's subpoena as well as this Court's December 9, 2014 and February 5, 2015 Orders. Plaintiff filed an affidavit of service of its subpoena on Defendant (ECF No. 7), and the docket entries for the December 9, 2014 and February 5, 2015 Orders reflect that copies of those orders were mailed to Defendant (see Docket Entries for ECF Nos. 10, 11). Accordingly, Defendant had constructive, if not actual, knowledge of Plaintiff's subpoena and both Orders. Additionally, Plaintiff's subpoena and both orders were in Plaintiff's favor, as they sought to provide Plaintiff with documents to assist Plaintiff in the collection of its judgment against Defendant. By failing to produce the documents at his deposition or thereafter, and failing to offer any explanation for that failure either in writing or at the February 25, 2015 hearing, Plaintiff was, and remains, in knowing violation of Plaintiff's subpoena and the Court's December 9, 2014 and February 5, 2015 Orders. Finally, Plaintiff has suffered and continues to suffer harm as a result of Defendant's violations, insofar as Plaintiff

5

remains unable to obtain documents that would help it collect its judgment, and insofar as Plaintiff continues to incur legal fees in its continued efforts to obtain the documents. Accordingly, I find that Plaintiff has established by clear and convincing evidence that Defendant is in contempt of Plaintiff's subpoena and this Court's December 9, 2014 and February 5, 2015 Orders. Additionally, because the relief that the Court has previously ordered has proved ineffective in coercing Defendant to purge his contempt, the remedy of incarceration is warranted. *See e.g., Victor Stanley*, 269 F.R.D. at 540-41 (D. Md. 2010) (imprisoning a defendant as a sanction for civil contempt to coerce the defendant to comply with a court order, where it was unlikely he would otherwise do so based on past behavior).

## IV.    CONCLUSION

I recommend that the Court order Defendant to appear for a hearing at which Defendant shall show cause why he should not be adjudged in contempt for the reasons outlined herein. In the event that Defendant fails to comply with the Court's order, I recommend that the Court:

(1) GRANT Plaintiff's Motion (ECF No. 19) and find Defendant in civil contempt;

(2) order Defendant to compensate Plaintiff for the legal fees Plaintiff has incurred in its attempts to obtain the documents related to the subject matters set forth on Exhibit A of the Subpoenas to Testify at a deposition in a Civil Action, which it served on him on February 2, 2014; and

(3) order him imprisoned until such time as he either

   (a) purges himself of his contempt by tendering to Plaintiff the attorney's fees Plaintiff has incurred in its attempts to obtain the documents that will allow it to evaluate Defendant's finances and assets and thereby collect its judgment against Plaintiff; and

   (b) purges himself of his contempt by providing to Plaintiff:

  (i) any and all documents in his possession relating to the subject matters set forth on Exhibit A of the Subpoenas to Testify at a deposition in a Civil Action currently in his possession;

  (ii) the identity of the custodian of any and all documents relating to the subject matters set forth on Exhibit A of the Subpoenas to Testify at a deposition in a Civil Action not currently in his possession; and

  (iii) any and all documents which refer or relate to the alleged confiscation of Defendant's computers and paperwork which relate to the subject matter set forth on Exhibit A of the Subpoenas to Testify at a deposition in a Civil Action; or

(c) demonstrates that he is unable, for good cause, to so purge his contempt in accordance with (a) and (b).

Dated: May 6, 2016            /s/
                  J. Mark Coulson
                  United States Magistrate Judge